US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 24 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERIC ROSHAUN THURAIRAJAH                    PLAINTIFFS

vs.                    No. 16-2123

THE CITY OF FORT SMITH, ARKANSAS;
COUNTY OF SEBASTIAN, ARKANSAS;
THE STATE OF ARKANSAS;                    DEFENDANTS
BILL HOLLENBECK, individually and in his
Official Capacity as Sheriff for the
COUNTY OF SEBASTIAN; TRP. LAGARIAN CROSS,
individually and in his Official Capacity as a
STATE TROOPER with and for the STATE OF ARKANSAS;
and JOHN DOE 1-5 individually and in their Official Capacity in
their roles as an Employee of the City of Fort Smith, The State of Arkansas, The Arkansas
State Police, and/or Employee of Sebastian County.

## FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW the Plaintiff, Eric Roshaun Thurairajah, by and through his attorney of record. William Whitfield Hyman of King Law Group, PLLC, and for his Complaint against the County of Sebastian, Arkansas; Bill Hollenbeck, individually and in his official capacity as Sheriff for the County of Sebastian, Arkansas; Trooper Lagarian Cross, individually and in his official capacity as a State Trooper for and with the State of Arkansas, would state and allege the following:

1

## PARTIES:

1. Plaintiff Eric Thurairajah is an adult citizen and resident of Fort Smith, Sebastian County, Arkansas.

2. Defendant City of Fort Smith, Arkansas (hereinafter referred to as Fort Smith) is a municipal corporation formed under the laws of the State of Arkansas and may be served with service of process through the City Attorney at Daily and Woods at 58 South 6th Street, Fort Smith, Arkansas 72901.

3. Sebastian County Arkansas (hereinafter referred to as "Sebastian") is a county formed under the laws of the State of Arkansas and may be served with service of process through the County Attorney Daniel Shue at 901 South B Street, Fort Smith, Arkansas 72901.

4. The State of Arkansas, a state that may be served at Attorney General Leslie Rutledge's Office at Tower Building, 323 Center St #200, Little Rock Arkansas 72201.

5. Defendant Bill Hollenbeck (hereinafter referred to as Hollenbeck) was, at all times relevant to this cause of action, employed by the County of Sebastian, Arkansas, as the elected Sheriff for Sebastian County Sheriff's Department and was acting under color of State law.

6. Defendant Tpr. Lagarian Cross (Hereinafter referred to as Cross) was, at all times relevant to this cause of action, employed by the State of Arkansas as an Arkansas State Trooper and was acting under the color of State law.

7. John Doe 1-5, respectively, were each at all times relevant to this cause of action, employed by the City of Fort Smith, Sebastian County, The State of Arkansas, or the

Arkansas State Police and acting under the color of State law.

## JURISDICTION AND VENUE

8. This is a cause of action based upon the deprivation of federal civil rights under the United States Constitution, including the Eighth Amendment, which protects against cruel and unusual punishment, and the Fifth and Fourteenth Amendments, which prohibit deprivation of life, liberty, or property without the due process of law, the First Amendment which guarantees the right to free speech, and the Fourth Amendment which protects against unreasonable warrantless searches and seizures. This case also encompasses claims under State law, specifically deprivations of civil rights under Article II of the Arkansas Constitution and the Arkansas Civil Rights act, codified at A.C.A. § 16-123-101, et seq.; negligent hiring, supervision, or retention; trespass; outrage; malicious prosecution and/or abuse of process; invasion of privacy; false imprisonment, false arrest, assault, battery, and general negligence and gross negligence.

9. That this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States, 42 U.S.C. § 1983, and the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202). This Court has supplemental jurisdiction over the Plaintiffs causes of action arising under Arkansas State law pursuant to 28 U.S. C. § 1367.

10. Venue lies in the United States District Court for the Western District of Arkansas under 28 U.S.C. § 1391(b) (2).

11. The Plaintiff generally allege that Defendant Cross violated his First Amendment

Freedom of Speech when Defendant Cross arrested him for comments made while Defendant Cross was conducting an unrelated routine traffic stop. While driving past Defendant Cross, Plaintiff shouted, "Fuck you," within earshot of Defendant Cross. Defendant Cross then pursued and arrested Plaintiff in violation of his First, Fourth, Eighth, and 14th amendment rights. Defendant Cross hauled Mr. Thurairajah to the Sebastian County Jail, where Mr. Thurairajah was illegally detained for many hours. This illegal detention was committed as a result of the policies and customs of the Sebastian County Sheriff's Department and Sheriff Bill Hollenbeck. Mr. Thurairajah also suffered abuse of process, malicious prosecution, assault, battery, false imprisonment, and other civil rights violations by City of Fort Smith, County of Sebastian, and State of Arkansas employees. Defendants State, County, and City are liable under the theories of agency and *respondeat superior* for the torts committed by Defendants Cross, Hollenbeck, and John Doe 1 through 5.

## BACKGROUND

12. The Plaintiff was arrested and charged after Defendant Cross pulled over an unrelated citizen for a traffic violation, during which Mr. Eric Thurairajah allegedly yelled "Fuck you!" out of his window while driving by the traffic stop.
13. The Arkansas courts have limited A.C.A. § 5-71-207 in these circumstances to fighting words. See Lucas v. State, 494 S.W.2d 705 (Ark. 1973); Hammond v. State, 498 S.W. 2d 652 (Ark. 1973); Bosquet v. State, 548 S.W. 2d 123 (Ark. 1977); Johnson v. State, 37

4

S.W.3d 191 (Ark. 2001); Shoemaker v. State, 38 S.W.3d 350 (Ark. 2001); Watkins v. State, 377 S.W.3d 286 (Ark. App. 2010).

14. We know that "Such language must in its common acceptation be calculated to arouse to anger the person about or to whom it is spoken or addressed, or to cause a breach of the peace or assault." Lucas v. State, 257 Ark. 726, 728, 520 S.W.2d 224, 225 (1975). When we compare this standard with 8th Circuit cases, officers of the law, through their training and experience, are held to a higher standard of taking verbal abuse. See: [T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.... The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state. Buffkins v. City of Omaha, Douglas Cnty., Neb., 922 F.2d 465, 472 (8th Cir. 1990) (where the Plaintiff called the officer an "asshole."), quoting City of Houston, Tex. v. Hill, 482 U.S. 451, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987) (where Plaintiff loudly interrupted police officers who were trying to arrest his friend), and Nichols v. Chacon, 110 F. Supp. 2d 1099 (W.D. Ark. 2000) "While we agree the gesture utilized by Nichols was crude, insensitive, offensive, and disturbing to Chacon's sensibilities, it was not obscene under the relevant Supreme Court precedent, did not constitute "fighting words," and was protected as "free speech" under the First Amendment to the United States Constitution...[W]e hold as a matter of law that Chacon is not entitled to qualified immunity and that his arrest of Nichols violated Nichols' First

and Fourth Amendment rights." (where Plaintiff extended his middle finger to a trooper, and both Plaintiff and trooper agreed that the message being conveyed was "Fuck you!"

15. Defendant Cross then sought out and illegally arrested Mr. Thurairajah, taking Mr. Thurairajah to the Sebastian County Jail where he was further abused and illegally held for many hours.

16. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution not to be subjected to excessive force during the course of an arrest, investigatory stop, or other "seizure" of a free citizen;

   b. Violation of his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution to not be deprived of liberty or property without due process of law;

   c. Violation of his constitutional rights under the First Amendment to the United States Constitution not to be punished for utilizing his Right to Free Speech.

   d. Violation of his constitutional rights under the Eighth Amendment to the United States Constitution to not be subjected to cruel and unusual punishment;

   e. Violation of his constitutional rights under Article II, section 15, of the Arkansas Constitution not to be subjected to excessive force during the course of an arrest, investigatory stop, or other "seizure" of a free citizen;

   f. Violation of his constitutional rights under Article II, section 8, of the Arkansas Constitution to not be deprived of liberty or property without due process of law;

g. Violation of his constitutional rights under Article II, section 9, of the Arkansas Constitution to not have cruel and unusual punishment inflicted upon him;

h. Violation of his constitutional rights under Article II, section 6, of the Arkansas Constitution not to have limitations placed upon his liberty of speech;

i. Violation of his statutory rights under 42 U.S.C. § 1983 to not be wrongfully deprived of any rights, privileges, or immunities secured by the Constitution and laws by another who is acting under the color of any statute, ordinance, regulation, custom, or usage of any State;

j. Violation of his statutory rights under A.C.A. § 16-123-105 to not be wrongfully deprived of any rights by another who is working under color of any statute,

ordinance, regulation, custom, or usage of a political subdivision of the State of Arkansas;

k. Intentional, offensive contact with their bodies;

l. Emotional and physical harm proximately caused when the Defendants willfully and wantonly engaged in extreme and outrageous conduct;

m. Severe psychological trauma, including fear of imminent peril from one or more named Defendants attempting to injure Plaintiff;

n. Defendants filing criminal charges against Plaintiff, which were wrongfully instituted.

## COUNT I: FEDERAL CONSTITUTIONAL VIOLATIONS

17. Plaintiff incorporated by reference the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

18. Defendants, through their unlawful and unethical conduct, deprived the Plaintiffs of clearly established rights and privileges as guaranteed under the United States Constitution, in violation of 42 U.S.C. § 1983.

19. The acts of Defendants are part of a pattern of conduct at the Sebastian County Sheriff's Department, City of Fort Smith Offices, and Arkansas State Police.

## COUNT II: SECTION 1983 STATE, CITY, AND COUNTY LIABILITY FOR FAILURE TO TRAIN

20. Plaintiffs incorporates by reference the allegations in paragraphs 1 through 19 as if set forth fully herein.

21. Defendant Hollenbeck and the Sebastian County Sheriff's Department, along with the Arkansas State Police, had a duty to ensure that officers were properly trained and equipped and to ensure that unqualified officers were removed from the police force. With knowledge of the risks and consequences, Defendant Cross and Defendant Hollenbeck failed to take reasonable steps to assure the public would not be harassed, injured, harmed, or subjected to violations of their civil rights by officers of the Sebastian County Sheriff's Department and Arkansas State Police.

22. The conduct of Defendants Hollenbeck, Cross, Sebastian County and Arkansas State in disregarding their duties and responsibilities, further justifies an award of punitive damages to punish this conduct and to deter similar conduct in the future.

23. Defendant Hollenbeck and Defendant Sebastian County, in addition to Defendant State of Arkansas, failed to properly train the officers involved regarding proper stops and seizures and the use of force therein.

24. There has been a custom of Sebastian County and Arkansas State Police to allow police to conduct improper, negligent, or otherwise insufficient stops and searches of citizens wrongfully detained, arrested, or otherwise taken into custody.

25. The failure of Defendant Hollenbeck, Sebastian County, and Arkansas State to properly train officers in the conduct of stops and seizures constitutes deliberate indifference to the

rights of persons with whom the officers come in contact, including, but not limited to, Mr. Thurairajah.

26. Defendants Hollenbeck, Sebastian County, and Arkansas State disregarded the known and obvious risks and consequences of failing to properly train officers of the Sebastian County and Arkansas State Police, including Defendant Cross and other potential defendants who participated in this case.

27. Defendant State of Arkansas failed to properly train their officers, including Defendant Cross, regarding the proper use of force within the context of the Fourth and Eighth Amendments and similar provisions of the Arkansas Constitution.

28. The failure of the State of Arkansas and Defendant Hollenbeck and Sebastian County to properly train officers in the use of force constitutes deliberate indifference to the rights of persons with whom the officers come in contact, including, but not limited to, Mr. Thurairajah.

29. Defendants Hollenbeck, State of Arkansas, and County of Sebastian demonstrated deliberate indifference to the known and obvious risks and consequences of failing to

properly train officers of the State Police and Sheriff's Department in the use of force, including Defendant Cross and other yet-to-be-named Defendants.

30. As a direct and proximate result of Defendants' conduct, Mr. Thurairajah suffered injuries and damages, including, but not limited to physical and emotional trauma.

## COUNT III: VIOLATION OF PLAINTIFF'S STATE AND CIVIL RIGHTS

31. Plaintiff incorporates by reference the allegations contained in Paragraphs one through thirty as if fully set forth herein.

32. Defendants' joint and individual actions as alleged herein violated Plaintiff's rights under Article II, §§ 6,8-9 & 15, of the Arkansas Constitution and the Arkansas Civil Rights Act, codified at Ark. Code Ann. §§ 16-123-101 through -108, to be free to exercise his speech,

to be free from unreasonable search and seizure, cruel and unusual punishment, and excessive force, and to be afforded due process of law.

33. Plaintiffs rights were clearly established under State law at the time of the alleged violations, and Defendants' individual and joint actions were not in furtherance of a legitimate State interest.

34. Defendants' actions were malicious, willful, and wanton deprivations of Plaintiffs' rights, shocking to the conscience of ordinary citizens, and are sufficient to justify an award of punitive damages.

35. Defendant Cross's actions, alongside the acts of Defendant John Doe 1 through 5, and Defendant Hollenbeck were part of a pattern of conduct at the Arkansas State Police, Sebastian County Sheriff's Department and City of Fort Smith employees.

36. Defendant Cross and other yet-to-be-named Defendants were present on the scene at all times during one another's conduct as outlined herein. These Defendants each failed to take any action which would have prevented, stopped, or otherwise discouraged the violation of Plaintiff's rights as outlined herein.

## COUNT IV: NEGLIGENT HIRING, SUPERVISION, AND/OR RETENTION

37. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38. Collectively, Defendant City of Fort Smith, Defendant Sebastian County, Defendant State of Arkansas, and Defendant Hollenbeck knew or should have known that Defendant Cross and other yet-to-be-named Defendants subjected members of the public with whom they came into contact to an unreasonable risk of harm. Defendant Hollenbeck,

Defendant City of Fort Smith, Defendant Sebastian County and Defendant State of Arkansas negligently hired and retained Defendant Cross and other yet-to-be-named Defendants in spite of this knowledge or imputed knowledge.

39. Collectively, Defendant Hollenbeck, Defendant City of Fort Smith, Defendant Sebastian County and Defendant State of Arkansas knew or should have known that Defendant Cross and other yet-to-be-named Defendants subjected members of the public with whom they came into contact to an unreasonable risk of harm. Defendant Hollenbeck, Defendant City of Fort Smith, Defendant Sebastian County and Defendant State of Arkansas negligently hired and retained Defendant Cross as an officer of the Arkansas State Police, and other yet-to-be-named Defendants in their respective official capacities, in spite of this knowledge or imputed knowledge.

40. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered injuries and damages as more specifically described herein. The conduct of each of the Defendants was such that each knew or should have known that their conduct would naturally and probably lead to injury or harm, and they continued that conduct in conscious and reckless disregard of the consequences from which malice can be inferred. At all times relevant herein, Defendants Hollenbeck, Cross, and other yet-to-be-named Defendants were agents, servants, or employees of the Defendant City of Fort Smith, Sebastian County, or State of Arkansas, operating under color of state law within the scope of their employment, service, or agency, and any conduct on

the part of Defendants Hollenbeck, Cross, or yet-to-be-named Defendants is imputed by law to Defendants State of Arkansas, City of Fort Smith, and/or Sebastian County.

## COUNT V: MALICIOUS PROSECUTION AND/OR ABUSE OF PROCESS

41. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. After wrongfully arresting the Plaintiff, Defendants City of Fort Smith and County of Sebastian then wrongfully instituted criminal charges against Plaintiff.

43. These charges were wrongfully filed in a veiled attempt to protect Defendant Cross from civil prosecution and liability for the extreme, outrageous, and willful and wanton actions committed during Plaintiff's unlawful arrest.

## CONCLUSION

44. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered the injuries and damages described hereinabove.

45. The conduct of each of the Defendants was such that each knew or should have known that their conduct would naturally and probably lead to injury or harm, and they continued that conduct in conscious and reckless disregard of the consequences from which malice can be inferred.

46. At all times relevant herein, Defendant Hollenbeck and Defendant Cross were agents, servants, or employees of the Defendant County of Fort Smith and State of Arkansas, respectively, and all operated under the color of state law within the scope of their employment, service, or agency. Any conduct on the part of Defendants Hollenbeck and

Cross is imputed by law to the Defendants County of Sebastian and State of Fort Smith, respectively, which are vicariously liable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff and against Defendants, individually and jointly, as follows:

a.  Compensatory and punitive damages in an amount to be determined at trial, to include damages available under Arkansas Code Annotated §16-62-102;

b.  Damages for medical expenses, physical pain and suffering, and mental anguish; damages for attorney's fees and jail bonds in the related frivolous criminal case; damages for towing and impound expenses;

c.  Pre- and post-judgment interest as permitted by law;

d.  All attorneys' fees and costs incurred herein, as permitted under federal and state law, including 42 U.S.C. §1988; and,

e.  All such other relief as this Court may find just and equitable.

Plaintiffs demand a trial by jury.

Respectfully Submitted,


Eric Roshaun Thurairajah, Plaintiff


By:     /s/ W. Whitfield Hyman
William Whitfield Hyman, ABA 2013-237
King Law Group, PLLC
300 N. Sixth Street
Fort Smith, AR 72901
(479) 782-1125 Phone

(479) 316-2252 Fax
email@arkansaslawking.com