IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERIC ROSHAUN THURAIRAJAH                                                    PLAINTIFF

V.                                    NO.  2:16-CV-2123

BILL HOLLENBECK, individually
and in his official capacity, ET AL.                                        DEFENDANTS

## INITIAL SCHEDULING ORDER

**IT IS HEREBY ORDERED** that the following deadlines and proposals are in effect:

**1. RULE 26(f) CONFERENCE DEADLINE:**       <u>December 5, 2016</u>.

The parties are jointly responsible for holding their Rule 26(f) conference on or before the date specified.

**2. RULE 26(f) REPORT DUE DATE:**       <u>December 12, 2016</u>.

Consult FRCP 26(f) and Local Rule 26.1 for information to be included in the Rule 26(f) Report. The Report should be filed electronically.

In addition to the matters specifically listed in Local Rule 26.1, the parties should include in their report any other case management issues that they would like the Court to address and/or include in a final scheduling order, including but not limited to, whether expert discovery is anticipated and, if so, proposed deadlines for expert disclosures.

**3. CASE MANAGEMENT CONFERENCE**

If the parties believe that it would be beneficial for the Court to hold a case management conference prior to issuing a final scheduling order, the parties should specifically request a conference in their Rule 26(f) report.  In making the request, the parties should inform the Court as to whether the conference may be held by telephone and give an estimate as to how long the conference will last. Counsel should review Federal Rule of Civil Procedure 16 prior to any case management conference.

**4. PROPOSED TRIAL DATE:**                 <u>August 14, 2017</u>.

The case will be scheduled for JURY TRIAL before Judge P. K. Holmes, III, commencing at 9:00 a.m. sometime during the week as set forth above in FORT SMITH, ARKANSAS.

While the case has been set for trial, the parties are invited to propose alternate trial dates.  The date above reflects a standard amount of time the Court allows for cases to progress to trial, and the Court recognizes that not all cases will fit this standard.  The Court can expedite cases as its schedule

allows. Parties should identify any conflicts with the trial date in their Rule 26(f) report, to the extent possible, as the Court will not continue a trial after entry of the final scheduling order based on a pre-existing conflict. Finally, if parties request a trial date that is significantly later than the one set above, they should set forth the reasons this particular litigation warrants such a delay.

The parties are advised that the Court is not likely to grant stays for the sole purpose of allowing the parties to engage in settlement discussions. If the parties file a motion to stay, they must set forth compelling circumstances warranting a stay.

### 5. STANDARD DEADLINES:

The Court advises the parties of the Court's standard deadlines concerning the following:

- Completion of ALL discovery: 90 days before trial
- Addition of parties/Amendment of pleadings: 120 days before trial
- Filing of all motions except motions in limine: 60 days before trial
- Filing of motions in limine: 14 days before trial

Agreement with, or requests to deviate from, these deadlines should be noted in the parties' Rule 26(f) Report. Parties are advised that, because of the demands of the Court's docket, deadlines are not likely to be moved closer to the scheduled trial date unless the parties provide a reasonable rationale for doing so. The parties should be diligent in proposing deadlines, as the Court will not grant extensions or continuances after entry of the final scheduling order absent a showing of good cause.

### 6. DISAGREEMENTS

The parties should work to agree on the content of the Rule 26(f) report to the fullest extent possible. To the extent the parties cannot agree to any particular terms or dates, the disagreements should be clearly noted with each party's position clearly stated and delineated.

### 7. PAGE LIMITATIONS

Any motion, response, or brief in support must be limited to 25 double-spaced pages of 12-point font. Parties must seek leave before filing any reply in support of a motion other than a summary judgment motion. If allowed, replies must be limited to 7 double-spaced pages of 12-point font. Responses should address only issues raised in a motion. Replies should address only issues raised in a response. Excess pages will not be considered unless the parties have sought leave to make a lengthy filing. Citations to lengthy exhibits must be precise.

DATED: November 4, 2016

AT THE DIRECTION OF THE COURT
DOUGLAS F. YOUNG, CLERK

By: */s/ Jane Ann Short*
    Courtroom Deputy