## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS

ERIC ROSHAUN THURAIRAJAH                                    PLAINTIFF

V.                                   CASE NO.2:16CV2123-PKH

BILL HOLLENBECK, et. al.                                    DEFENDANTS

### PLAINTIFF ERIC THURAIRAJAH'S

For  Mr. Thurairajah's Pretrial Disclosures, Plaintiff, by and through his attorney, W.

Whitfield Hyman, sets forth the following:

1. The identity of the party submitting information:

    W. Whitfield Hyman

### 2. The names, addresses and telephone numbers of all counsel for the Defendants:

    W. Whitfield Hyman, Arkansas Bar Number 2013237
    James King, Arkansas Bar Number 2011157
    300 N 6th Street
    Fort Smith, Arkansas 72901
    Phone: 901-413-2625
    Fax: 479-361-2252
    Email: william.hyman@gmail.com

### 3. A brief summary of claims and relief sought:

There two claims that survived summary judgment in this case. Mr. Thurairajah

has proven that Trooper Cross violated Mr. Thurairajah's right to free speech under the

First Amendment. Secondly, Mr. Thurairajah has proven that Trooper Cross violated Mr.

Thurairajah's rights under the Fourth Amendment for an unreasonable search and seizure

when Trooper Cross arrested him, searched him, searched his car, and had him held in the jail for several hours. These violations are actionable under the Federal Civil Rights Act.

Although the Court has granted summary judgment on all state claims, the Plaintiff will argue again that Under the Arkansas Civil Rights act, Eric Thurairajah has proven that Mr. Cross violated his rights protected by Article II Section 15 of the Arkansas Constitution (the right to be protected from illegal searches and seizures), and Article II Section 6 of the Arkansas Constitution (the right to free speech). Under the Arkansas Civil Rights act, Mr. Thurairajah is entitled to guaranteed punitive damages for interference with the exercise of his Constitutional rights. Statutory immunity does not apply in this case as exemplified in Barton v. Taber, 820 F.3d 958, 962 (8th Cir. 2016).

Mr. Thurairajah seeks compensatory damages for his compensatory damages, damages for medical expenses, physical pain and suffering, and mental anguish, damages for attorney's fees, damages for towing and impound expenses, pre and post judgment interest, and attorney's fees.. He also seeks compensatory damages for attorney's fees and for costs that resulted from the criminal charges that he received. Including expungement of this arrest.

**4. Prospects for settlement:**

On August 9, 2019, the parties attended a settlement conference; however, they were unable to reach a settlement. See Doc. No. 55.

**5. The bases for jurisdiction or objections to jurisdiction:**

This court has original jurisdiction pursuant to 28 U.S.C. 1331 and 1343, and supplemental jurisdiction under 28. U.S.C. 1367.

**6. A list of pending motions:**

There are no motions currently pending

**7. A concise summary of facts:**

On Tuesday, June 2, 2015, at approximately 5:30 p.m., Thurairajah was driving east on Grand Avenue in Fort Smith, Arkansas. As Thurairajah was driving, he passed Cross. Cross was an Arkansas State Trooper, and was standing outside of his patrol car at a residence, conducting a traffic stop involving a young woman. As Thurairajah passed, he yelled "fuck you" loudly enough to be heard by Cross across multiple lanes of traffic (perhaps as many as five lanes). Almost immediately, Cross returned to his patrol car and conducted a traffic stop of Thurairajah. Believing Thurairajah had committed the crime of disorderly conduct in violation of Ark. Code Ann. § 5-71-207, Cross issued a citation and placed Thurairajah under arrest for that crime. Cross handcuffed Thurairajah and put him into the back of the patrol car. Thurairajah claims that in addition to handcuffing him, Cross closed the door on Thurairajah's legs, resulting in bruises to Thurairajah's wrists and shins. Cross had Thurairajah's vehicle towed. Cross then transported Thurairajah to the Sebastian County Detention Center in Fort Smith, where he was booked in and transferred from Cross's custody into the custody of Sebastian County. While there Thurairajah was not given shoes and the toilet in the cell overflowed urine and  feces onto the floor. Thuraiajah was forced to share this area with several other

inmates. Thurairajah was released after several hours and hired an attorney to represent him. The disorderly conduct charge was ultimately dropped. Thurairajah eventually saw a doctor, complaining of mental and emotional distress.

Following the incident with Trooper Cross on June 2, 2015, the next time Mr. Thurairajah saw any doctor for any reason was when he saw Dr. Pogue on April 29, 2016.

**8. All proposed stipulations**

Plaintiff will stipulate to each of the facts listed in section 7 (above),

**9. Issues of fact expected to be contested:**

The only remaining issue to resolve in this is Plaintiff's damages

**10. Issues of law expected to be contested**

Plaintiff will argue that the state Arkansas Civil Rights Act claims were improperly dismissed and that plaintiff is entitled to punitive damages as a matter of law. See Barton v. Taber, 820 F.3d 958, 962 (8th Cir. 2016).

Defendant Cross incorrectly believes that Mr. Thurairajah is only entitled to nominal damages based upon numerous factors, most notably regarding causation and specifically proximate cause and intervening cause.

**11. A list and brief description of all exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits that the Defendant expects to offer and those that the party may offer:.**

Plaintiff expects to offer the following exhibits:

Plaintiff's Medical records (Doc No. 21-3)
Plaintiff's Pharmacy Records
Plaintiff's receipt from the towing company.
Dispatch records from the Arkansas State Police for June 2nd, 2015

Plaintiff may offer the following exhibits:
- Any document produced or identified during discovery, and
- Any exhibit identified or offered by the Defendant.

**12. The names, addresses, and telephone numbers of witnesses for the Defendant, separately identifying witnesses whom the Defendant expects to present and those whom the Defendant may call. Designation of witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiff expects to call the following witnesses:
A. Defendant Lagarian Cross
c/o Assistant Attorney General Vincent P. France
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1314

B. Plaintiff Eric Thurairajah
c/o Attorney for Plaintiff,
W. Whitfield Hyman
King Law Group, PLLC
300 N. Sixth Street
Fort Smith, AR 72901
(479) 782-1125

C. Prosecutor John Settle
101 South 10th Street Fort Smith, AR 72901
(Police Department Building)
Phone: 479-788-4100

Defendant Cross may call the following witnesses:
A. Any person identified in discovery;
B. Rebuttal witnesses (if applicable).

**13. The current status of discovery, a precise statement of the remaining discovery, and an estimate of the time required to complete discovery.**

The discovery cutoff was May 16, 2017, which passed with all discovery issues being resolved.

**14. An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiff estimates that this case can be tried in one day.

W. Whitfield Hyman; AR BAR#: 2013237
Plaintiff's Counsel
King Law Group, PLLC
300 North 6th Street
Fort Smith, AR 72901
P: (901) 413-2625 F: (479) 316-2252
William.Hyman@gmail.com

**CERTIFICATE OF SERVICE**

I, W. Whitfield Hyman, state on oath that I have served the foregoing pleading on the Attorney General's office and the Clerk of Court via electronic filing, on this 30th day of August, 2019:

W. Whitfield Hyman