UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ERIC ROSHAUN THURAIRAJAH                                                    PLAINTIFF

v.                                            Case No. 2:16-CV-02123

TROOPER LAGARIAN CROSS                                                     DEFENDANT

## OPINION AND ORDER

Before the Court are Plaintiff's motion (Doc. 72) for attorney's fees and costs and brief in support (Doc. 73) and Defendant's response (Doc. 75) in opposition. The motion will be granted in part.

At the outset, the Court rejects Defendant's argument that the opinion of the Supreme Court and the concurring opinion in *Farrar v. Hobby*, 506 U.S. 103 (1992) dictate that Plaintiff should be awarded no fees. While it is true that the jury did not award Plaintiff more than nominal damages, this is not a case where Plaintiff won only "'the moral satisfaction of knowing that a federal court concluded that [his] rights had been violated' in some unspecified way." *Farrar*, 506 U.S. at 114 (quoting *Hewitt v. Helms*, 482 U.S. 755, 762 (1987)). Plaintiff demonstrated that Defendant violated Plaintiff's first and fourth amendment rights in a very specific way—by arresting Plaintiff for exercising his right to free speech despite clearly established constitutional law prohibiting that arrest. Despite this violation of clearly-established constitutional law, defense counsel, who are not merely private attorneys for Defendant in his individual capacity but Assistant Attorneys General for the State of Arkansas, argued the issue of liability to the extent that they took an interlocutory appeal.[1] Having lost that appeal, on remand defense counsel nevertheless

---

[1] The Court of Appeals has already awarded fees and costs for Plaintiff's appeal, and the instant order will not duplicate those fees.

1

made numerous attempts to convert the damages trial into a referendum on liability. The Assistant Attorneys General knew that the issue of liability had already been decided. Contrary to their position, awarding Plaintiff some measure of fees does not result in a windfall.

The Court has reviewed the affidavits and billing records Plaintiff has provided and made a lodestar calculation to determine what amount of fees it is reasonable to award to Plaintiff. Plaintiff's attorney, Whitfield Hyman, suggests that $200.00 per hour is a reasonable billing rate for an attorney with similar experience in this geographic region working on this type of case. That rate would be reasonable in a mine-run case. This was not a mine-run case, however. This case involved litigation against a State of Arkansas law enforcement officer who violated clearly-established constitutional rights. The circumstances leading up to the violation made for a somewhat unsympathetic Plaintiff, and the damages alleged by the Plaintiff were not so great as to make the case universally appealing, decreasing the available pool of attorneys to take this case. What is more, though Defendant's violation of the constitution was clear, Plaintiff's counsel was nevertheless forced to contend with zealous opposition on that issue by the State of Arkansas, itself. A more reasonable hourly rate under these circumstances is $250.00 per hour.

Plaintiff prevailed only on the issue of liability, however, and that matter was determined on summary judgment. Because the trial in this case following remand was limited to the issue of damages, and because Plaintiff was awarded only nominal damages, Plaintiff cannot fairly be said to have prevailed on any post-remand issues. Therefore, for any fee (or cost) award to be reasonable, it must exclude those hours expended and costs incurred following remand. The Court has reviewed Plaintiff's counsel's billing records for hours worked on this case prior to appeal, and finds that 60.4 hours were reasonably expended. A lodestar calculation suggests that an attorney's fee of $15,100 is reasonable, and there is no apparent reason to depart from this amount.

The Court will award Plaintiff $15,100 in attorney's fees.

The Court has also scrupulously reviewed the costs Plaintiff incurred prior to interlocutory appeal. Title 28 U.S.C. § 1920 sets out those costs that typically may be billed by a prevailing party. With respect to the filing fee, Plaintiff proposes taxing only half against Defendant, as the other half is attributable to his case against dismissed Defendants Sheriff Bill Hollenbeck and Sebastian County, Arkansas. The Court will reduce this by half again, as the half Plaintiff proposes to tax may be attributed not only to his case against Defendant, but his official-capacity claims against the State of Arkansas (on which he did not prevail). Accordingly, the costs to be taxed for the filing fee are limited to $100. Additionally, approximately five pages of the printed complaint bore no relation to the personal-capacity case against Defendant, and so the printing fees for that document will be reduced to $0.90. The remaining costs incurred prior to interlocutory appeal appear reasonable. The Court will award Plaintiff $509.05 in costs.

IT IS THEREFORE ORDERED that Plaintiff's motion for attorney's fees and costs (Doc. 72) is GRANTED IN PART. Plaintiff is awarded $15,100 in attorney's fees against Defendant, and the Court is to tax costs against Defendant in the amount of $509.05.

IT IS SO ORDERED this 28th day of October, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE